[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS
The plaintiff Commissioner of Transportation seeks to dismiss this appeal for lack of subject matter jurisdiction based upon two grounds, to wit: (1) the appeal should have been taken through an order of notice and: (2) the time in which to appeal had expired.
All but one trial court has held that in order to raise the issue of the adequacy of compensation an appeal may be taken and an order of notice is not required. See, e.g., Commissioner v. Wong, Judicial District of Danbury, No. 337044 (August 15, 2000). The court adopts the reasoning of these courts and denies the motion to dismiss on this ground.
It is also clear that the time in which an appeal may be taken does not begin to run until the plaintiff receives notice of the condemnation. In this case the only notice mailed by the Superior Court was returned unopened and remains in the court's file. In Commissioner ofTransportation v. Capone, Judicial District of New Haven, CV 96 039 32 89, the court, in a well reasoned opinion, held that the time in which to appeal does not commence to run until notice is given to the property owner. Accordingly, the motion to dismiss on that ground is also denied.
The plaintiff also seeks to dismiss the claim made by the defendant for attorney's fees. The commissioner points out there has been no waiver of the state's sovereign immunity with respect to attorney's fees as is the case of inverse condemnation under General Statutes § 48-17b. The court will decide the issue of attorney's fees at the time of trial. The parties may supplement their trial briefs on this issue.
In sum, the motion to dismiss the appeal is denied and the motion with respect to the claim for attorneys fees will be considered by the court in its final decision.
Robert I. Berdon, Judge Trial Referee